REALTY ASSOCIATES SECURITIES CORPORATION, Appellant, v. MYRON J. CEDAR and EMMONS B. CEDAR, Respondents, Impleaded with IMPROVED ESTATES, INC., Defendant.— Order reversed on the law and the facts in respect to defendant Myron J. Cedar, and the verdict reinstated as to him, except that the former verdict is modified by reducing the amount thereof to $5,903.22 because of errors in computation; and judgment is directed in favor of the plaintiff and against Myron J. Cedar thereon, with interest from July 1, 1931, with costs. The evidence establishes that defendant Myron J. Cedar converted certain rents collected by him while acting as agent for the plaintiff, which he has failed to turn over on demand and concerning which he has made no explanation. As to defendant Emmons B. Cedar the appeal is not pressed here and the order setting aside the verdict is unanimously affirmed, without costs. Kapper, Carswell, Scudder, Tompkins and Davis, JJ., concur.

SHELL EASTERN PETROLEUM PRODUCTS, INC., Landlord, Appellant, v. STEPHEN MARTINDALE, Tenant, Respondent.— Order of the County Court of Nassau county affirming order of the Justice's Court of the town of Hempstead, judgment of affirmance entered thereon, and order of the Justice's Court reversed on the law and the facts, with costs, and judgment directed awarding possession of the premises in question to the landlord, with costs. In our opinion, the tenant held the premises under a lease for a fixed term of thirty days, which expired on September 5, 1931. and that thereafter he held over with the landlord's consent for three additional similar terms, namely, until December fifth, at which time the landlord terminated the tenancy, and was entitled to do so, without giving a thirty-day notice to quit. Young, Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

IRVING W. SMYTHE, as Administrator, etc., of BEATRICE SMYTHE, Deceased, Respondent, v. ROBERT SILVERMAN and MORTIMER SILVERMAN, Appellants, Impleaded with Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Kapper, Hagarty, Tompkins and Davis, JJ.

MAX TEISCH, as Administrator, etc., of FANNIE TEISCH, Deceased, Respondent, v. JACOB SINGER, Defendant, Impleaded with ABRAHAM BELLOS and ABRAHAM GOLDSTEIN, Appellants.— Order granting, on condition, appellants' motion for leave to serve a supplemental answer modified by striking therefrom the provision for costs, and as so modified affirmed, without costs. The supplemental answer is to be served within five days from the entry of the order herein. In our opinion the appellants are entitled to serve a supplemental answer setting up the plaintiff's settlement with defendant Singer, on the theory that he was a joint tort feasor with the appellants. Young, Kapper and Tompkins, JJ., concur; Hagarty and Davis, JJ., dissent and vote to affirm the order as granted. There was no right to serve a supplemental answer, for it appears in the record that the settlement with Singer, a joint tort feasor, was with full reservations and constituted a covenant not to sue. (*Walsh* v. *N. Y. C. & H. R. R. Co.*, 204 N. Y. 58.) The proposed supplemental answer sets up no defense, although the sum paid by Singer may be credited on any verdict that may be rendered. If plaintiff had appealed from the order, we think it should have been reversed.